# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Oleg Socolov,

    Petitioner

v.

Attorney General of the US,

    Respondent

Case No.: 2:21-cv-00356-JAD-VCF

**Order Denying Petition without Prejudice, Denying Pending Motions, and Closing Case**

[ECF Nos. 3, 4, 7]

Oleg Socolov brings this 28 U.S.C. § 2241 petition for a writ of habeas corpus to challenge his continued detention by U.S. Immigration and Customs Enforcement pending enforcement of his final removal order.[1] But Socolov has not applied to proceed *in forma pauperis* or paid the filing fee, leaving this matter improperly commenced.[2] Despite that error, I have reviewed Socolov's petition and determined that he failed to exhaust his administrative remedies. So I dismiss this case without prejudice.

## Discussion

Generally, when a noncitizen "is ordered removed" the Attorney General is required to remove him within a 90-day "removal period."[3] But under 8 U.S.C. § 1231(a)(6), certain noncitizens who have been ordered removed "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision." Socolov claims that an Immigration Judge (IJ) entered an order of removal against him on May 1, 2020, and he is currently detained under § 1231(a)(6).[4] He appealed that removal order, and the Board of Immigration Appeals

---

[1] ECF No. 1-1.

[2] 28 U.S.C. § 1915(a)(2); L.R. LSR 1-2.

[3] 8 U.S.C. §1231(a)(1)(A).

[4] ECF No. 1-1 at 2.

(BIA) dismissed that appeal on October 19, 2020. Socolov then filed a motion to reopen and reconsider his final removal order, which the BIA dismissed earlier this year.[5] But Socolov also filed a motion for bond redetermination, the IJ denied it for lack of jurisdiction, and the appeal of that denial is pending before the BIA.[6]

If a noncitizen held in custody under 8 U.S.C. § 1231(a)(6) is dissatisfied with the IJ's bond determination, he may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the BIA."[7] If he remains dissatisfied, he may file a petition for habeas corpus in the district court.[8] Generally, noncitizens such who are detained under 8 U.S.C. § 1231(a)(6) after entry of final removal order and conclusion of all administrative review are required to exhaust substantive challenges to their removal proceedings as well as bond determinations. Here, Socolov claims that he is still actively pursuing his administrative remedies to challenge the IJ's bond determination.[9] The outcome of his appeal before the BIA may render this petition moot. So I dismiss his petition without prejudice as improperly commenced and unexhausted.

---

[5] ECF No. 4 at 14–16.

[6] ECF No. 1-1 at 2.

[7] *Prieto–Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); *see* 8 C.F.R. 236.1(d)(3) (before order of removal); 1236.1(d)(3) (after order of removal) (noncitizen may appeal to the BIA an Immigration Judge's custody and bond determination).

[8] *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"); *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (declining to address a due process argument that was not raised below, which could have been addressed by the agency); *Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir. 2011); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

[9] ECF No. 1-1 at 2. In his motion to supplement petition, ECF No. 4, Socolov attaches a May 4, 2021, BIA decision that dismissed his appeal of the denial of his motion to reopen and reconsider the denial of his application for special rule cancellation of removal and adjustment of status.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk is directed to **detach and file the petition** [ECF No. 1-1].

IT IS FURTHER ORDERED that the petition is DISMISSED without prejudice as improperly commenced and unexhausted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because jurists of reason would not disagree with this order.

IT IS FURTHER ORDERED that petitioner's motion to compel immediate release **[ECF No. 3]**, motion to supplement **[ECF No. 4]**, and second motion to compel **[ECF No. 7] are DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
June 29, 2021

---

This decision pertains to the removal order. Socolov provides no further documents regarding his appeal of the IJ's January 28, 2021, denial of his motion for custody redetermination. *See* ECF No. 1-1 at 24–25.